CITY BANK FARMERS TRUST COMPANY, as Successor Trustee under Agreement Made by LEON T. CHEEK, et al., Plaintiffs, *v.* LEON T. CHEEK et al., Defendants.

Supreme Court, Special Term, New York County, February 8, 1952.

*Richard J. Turk, Jr.,* and *Stephen C. Huestis* for plaintiffs.

*John W. Donahoo, Martin J. Coughlin* and *Leon T. Cheek,* in person, for Leon T. Cheek, defendant.

*Jacob Florea,* guardian ad litem for Frances S. Cheek and others, infants, defendants.

AURELIO, J. The action is brought by the present and former trustees under an agreement of trust to judicially settle their accounts for the periods during which they respectively acted as trustees and, incidental thereto, for instructions with regard to whether the settlor has the right to amend and revoke the trust.

On January 4, 1929, Leon T. Cheek, hereinafter referred to as the " settlor ", established the present trust with The National City Bank of New York as trustee, pursuant to an agreement with his sister, Ritchey Cheek Farrell, and five of his brothers, Frank L. Cheek, James H. Cheek, Robert S. Cheek, John H. Cheek, and Newman Cheek, to create similar trusts.

The trust agreement provides ( Art. Fifth, subd. A): " This instrument is executed by the Settlor in consideration of Settlor's brothers, James H. Cheek, Frank L. Cheek, Robert S. Cheek, John H. Cheek, Newman Cheek, and the Settlor's sister, Ritchey Cheek Farrell, executing a substantially similar trust. The right is therefore hereby expressly reserved to revoke and make void this trust on two weeks' written notice delivered to the trustee, provided, however, that such right shall terminate

and this trust shall forthwith become irrevocable upon delivery to the trustee of an instrument, signed by the Settlor, the Settlor's said brothers and the Settlor's said sister, stating that satisfactory trusts have been made by each.''

Pursuant to this agreement and plan the Settlor's sister and the five brothers above named executed like trusts. Each also executed an instrument stating that satisfactory trusts had been made by each of them in accordance with subdivision A of article Fifth of the trust agreement, as above set forth, and The National City Bank of New York, as trustee of the settlor's trust, was duly notified that the right of this settlor to revoke the said trust was terminated.

On January 18, 1930, City Bank Farmers Trust Company became the successor trustee and is still so acting.

In 1933 Frank L. Cheek executed an instrument in writing notifying the City Bank Farmers Trust Company that he revoked the trust created by him. As a result the trustee instituted an action in January, 1934, in the Supreme Court of the State and County of New York to determine the validity of the trust. The court, in that proceeding, held that the trust agreement was invalid and violated the New York rule against perpetuities. The trust of Frank L. Cheek was thereupon terminated and the assets thereof were distributed to him (*City Bank Farmers Trust Co.* v. *Cheek,* N. Y. L. J., June 7, 1935, p. 2941, col. 2, Sup. Ct., N. Y. Co.).

On October 24, 1935, Ritchey Cheek Farrell, sister of the settlor, wrote the Third National Bank of Nashville, Tennessee, as trustee of the trust created by her, and demanded that the said trustee deliver the assets of the trust to her on the grounds that the trust was void for failure of consideration and on the ground of mistake in that the trust of Frank L. Cheek was declared invalid and was revoked, whereas she understood and believed that the trust of Frank L. Cheek was valid and irrevocable and that she had executed her trust under that belief and in consideration thereof.

An action was instituted by her in the Chancery Court, Davidson County, Tennessee, to have her trust cancelled and declared void. In affirming a judgment in her favor canceling the trust instrument, the Court of Appeals of Tennessee, Middle Section, stated: '' Mrs. Farrell insists that she thought the trust agreement created by her brother, Frank L. Cheek, was valid under the New York laws. She testifies that she did not know anything about the laws of New York, and did not know that Frank L. Cheek's trust agreement violated the laws of New York against

perpetuities, and there is no evidence to the contrary. She further testifies that she would not have signed the trust agreement had she known that Frank L. Cheek's trust was invalid. We think this is true and that hers should be set aside not only for failure of consideration but on the ground of mistake. A mistake as to a foreign law is a mistake of fact rather than a mistake of law. (*Daly* v. *Brennan,* 87 Wis. 36, 57 N. W. 963.) ' If both parties to a contract make an honest mistake of law as to its effect, or are ignorant of a matter of law and enter into the contract for a particular object, the result of which would by law be different from what they mutually intended, the court will interfere to prevent the enforcement of the contract, and relieve the parties from the unexpected consequences of it. * * * And a mistake of law, on the part of both contracting parties, owing to which the object of their contract cannot be attained, is sufficient ground for setting aside such contract. *Champlin* v. *Laytin,* 18 Wend. (N. Y.) 407, 31 Am. Dec. 382.' 28 L. R. A. (N. S.), 844, case note in the case of *Dolvin* v. *American Harrow Company.*'' (*Farrell* v. *Third Nat. Bank in Nashville,* 20 Tenn. App. 540, 549.)

In 1937 another of the above-named brothers, Newman Cheek, likewise instituted an action in the Chancery Court, Davidson County, Tennessee, seeking cancellation of the trust created by him on grounds similar to those urged by his sister, Ritchey Cheek Farrell. The Chancery Court entered its decree revoking the trust for failure of consideration and on the ground of mistake (*Newman Cheek* v. *Nashville Trust Company of Nashville, Tennessee,* unreported).

On January 2, 1951, the settlor notified the trustee that, by reason of the events hereinabove set forth, he too claimed the trust created by him to be revocable for failure of consideration and on the ground of mistake.

It is quite obvious that the settlor, like his sister and brothers above named, executed the trust agreement herein upon the consideration and in accordance with the plan and agreement that similar trusts be created by each of them. It is equally apparent that the settlor relinquished his reserved power to revoke the trust only because his sister and brothers relinquished their respective powers to revoke their respective trusts. I am satisfied that the settlor would not have surrendered his power of revocation had his sister and brothers not surrendered theirs.

The trust instruments executed by the settlor, his sister, and brothers are identical in form. Subdivision C of article Fifth of each provides: `` It is the intention of the settlor, that the

management, control and administration of the trust estate and all settlements hereunder, including the final settlement and distribution, shall be governed by the laws of the State of Tennessee, and this instrument, in all of its terms and provisions, shall be governed and construed according to the statutes and judicial decisions of said state.''

The settlor urges the laws of Tennessee as applicable herein. The guardian ad litem urges that the laws of the State of New York control. It seems to me to be immaterial whether the laws of Tennessee or the laws of the State of New York are held to control, for the same result must be reached with regard to the right of revocation. It is axiomatic that when the consideration for a promise fails, the promise is without consideration and unenforcible. Thus, the settlor would have the right to revoke the trust if it were otherwise valid.

The trust instrument is, however, invalid and void. It violates the New York law against perpetuities and hence offends our public policy. The only difference between the facts here and the facts in *City Bank Farmers Trust Co.* v. *Cheek* (*supra*) is that here it appears that the settlor was, at the time of the creation of the trust, and still is a resident of the State of Florida, whereas there the donor was, at the time of the creation of the trust, a resident of the State of New York. It is well established, however, that a settlor, regardless of residence, cannot create a trust to be administered here which offends our public policy (*Hutchison* v. *Ross,* 262 N. Y. 381). In *City Bank Farmers Trust Co.* v. *Cheek* (*supra*) a like trust was held invalid and void for violation of the law against perpetuities (Personal Property Law, § 11). For the reasons there set forth I reach a like conclusion.

The trust is declared to be invalid. The plaintiffs may render their accounts. Judgment accordingly, with costs to all parties, payable out of the trust fund. Settle judgment.